110

BOWLES, Administrator, Office of Price Administration, v. J. J. SCHMITT & CO., Inc.

Civil Action No. 1674.

District Court, W. D. New York.

Feb. 10, 1948.

Order Affirmed Nov. 8, 1948.

See 170 F.2d 617.

George L. Grobe, U. S. Atty., of Buffalo, N.Y. (Michael J. McMorrow, Asst. U. S. Atty., of Buffalo, N.Y., of counsel), for plaintiff.

Halpern & Friedman, of Buffalo, N. Y., for defendant and for creditor.

BURKE, District Judge.

On February 28, 1944, a complaint was filed alleging that the defendant in violation of Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq., and of Maximum Price Regulations sold veal carcasses and wholesale cuts, and mutton carcasses and cuts at wholesale, and processed meat products, at prices higher than the maximum prices permitted by the Regulations. The relief demanded in the complaint was a permanent injunction enjoining the defendant from further violations, and for such other, further or different relief as in the premises may seem just and proper to the Court. On February 29, 1944, judgment was entered against the defendant providing for an injunction as demanded in the complaint. This judgment was based upon a stipulation signed by the defendant by Julius J. Schmitt, President, and sworn to on February 28th, 1944. On the same day the defendant executed and swore to an instrument called "Confession of Judgment" whereby the defendant authorized the Clerk of this Court to enter judgment against the defendant for the sum of $12,500 damages. On June 6, 1945, upon motion of David A. White, attorney for the plaintiff, and upon the filing of the so-called "Confession of Judgment," judgment was entered in favor of the plaintiff and against the defendant in the sum of $10,000. The motion papers executed by David A. White, District Enforcement Attorney for the Office of Price Administration, set forth the execution of the so-called "Confession of Judgment" on February 28, 1944, and showed that on or about March 2, 1945, the defendant paid the sum of $2,500 to apply on the amount of the judgment so confessed and further showed that on or about April 23, 1945, the plaintiff addressed a letter to the defendant demanding payment of the unpaid balance of $10,000 on or before May 23, 1945, which letter also stated that unless the unpaid balance was paid on or before May 23, 1945, judgment would be entered without further notice. On June 15, 1945, the defendant filed a notice of motion returnable on June

18, 1945, for an order vacating the judgment for damages and requiring the plaintiff to refund to the defendant all sums theretofore paid by the defendant in connection with the purported "Confession of Judgment." This motion was not pressed for a decision. It remained on the motion calendar for several months and was finally dropped from the calendar because of no appearance either for or against the motion. On June 21, 1945, there was filed a notice of motion by A. Krauss & Co., Inc., a creditor, appearing by the same attorneys who appeared for the defendant upon its motion to vacate the judgment, for an order permitting the creditor to intervene for the purpose of making application to vacate the judgment. This motion was not pressed for decision and it was continued on the motion calendar for several months and was dropped from the calendar because of no appearance either for or against the motion. On December 2, 1947, there was filed another motion in behalf of the same creditor for an order vacating the judgment and requiring the plaintiff to refund to the defendant all sums theretofore paid by defendant in connection with the purported "Confession of Judgment." This motion was filed upon the assumption that the creditor had been granted the right to intervene. Although the United States Attorney had informally consented to such intervention, his consent thereto was withdrawn. For present purposes we shall assume that the defendant's motion to set aside the judgment is before us for consideration as well as the creditor's motion to intervene for the purpose of moving to set aside the judgment.

Defendant's motion is based upon the contention that this Court had no jurisdiction to enter the judgment. The defendant also contends "that if by any possible theory the law of the State of New York is to be applied to the matter, the judgment must be vacated upon the motion of the intervening creditor because the statute of the State of New York applying to 'Confessions of Judgment' has not been complied with."

■ The law of the State of New York has no application. This is purely a question involving the jurisdiction of this Court and procedure with regard to the entry of judgments. It is governed by the Rules of Civil Procedure for the District Courts of United States, 28 U.S.C.A. following section 723c, which supersede the Practice Conformity Act, 28 U.S.C.A. §§ 724, 726, 727. Moore's Federal Practice, Volume 1, Page 36.

■ The only question remaining is whether the Court had jurisdiction to enter the judgment. There can be no practical doubt that the instrument entitled "Confession of Judgment" was intended by the defendant to allow judgment for damages to be taken against it for violations of the Emergency Price Control Act and Regulations as set forth in the complaint in Civil Action 1674. The so-called "Confession of Judgment" was executed on the same day that defendant consented in writing to a decree of injunction against further violations as appears by the stipulation filed on February 29, 1944. Moreover, when the defendant originally moved to set aside the judgment on the affidavit of its president, by the notice of motion filed on June 15, 1945, there was no contention by the defendant, nor is there now, that the judgment for damages did not relate to the violations set forth in the complaint in Civil Action 1674. A judgment for damages was entered and it was assigned the same number, Civil 1674, by the Clerk. All this was known by the defendant when it originally moved to set aside the judgment. The prayer for relief in the complaint in Civil Action 1674 was for an injunction and "such other, further or different relief in the premises as may be just and proper." The violations alleged gave rise to a valid claim for damages. The Court had jurisdiction of the parties and the subject matter under the complaint and under the further claim for relief was warranted in entering judgment for damages. Rule 54(c) provides in part "* * * every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." There can be no doubt, since the complaint alleged violations of the Act and Regula-

112

tions which entitled it to a judgment for damages as well as to a decree of injunction, that the defendant could have consented to the entry of a judgment for damages as well as to a decree of injunction. The so-called "Confession of Judgment" was a clumsy and inept method of obtaining the defendant's consent to entry of judgment for damages. There is no reason why its form should not be disregarded and why it should not be viewed as a consent (which it was) to the entry of judgment for damages regardless of what it was called.

I therefore hold that this Court had jurisdiction to enter the judgment, that the creditor's application to intervene should be denied, and that the defendant's motion to set aside the judgment should be denied.